[Civ. No. 2628. Second Appellate District, Division One.—March 13, 1919.]

## LOUISE E. REHNERT, Appellant, v. P. E. BEAM, Respondent.

[1] CONTRACTS—CONSTRUCTION OF ALTERNATIVE PROMISE—PRIMARY OBLIGATION TO PAY MONEY.—Where a person agrees to repay to another, on or before a given date, a stated sum of money which has been previously advanced, or in lieu thereof to deliver to said person a given number of shares of the capital stock in a certain corporation thereafter to be formed, the principal obligation is to pay such sum of money, subject to the proviso that said person might relieve himself from such payment by delivering the shares of stock on or before the given date, and upon his failure to pay the money or exercise his option to deliver the stock in lieu thereof, within the time limited, the other is entitled to maintain an action to recover the money.

APPEAL from a judgment of the Superior Court of Los Angeles County. John W. Shenk, Judge. Reversed.

The facts are stated in the opinion of the court.

Gibson & Woolner and Davis, Kemp & Post for Appellant.

E. R. Young for Respondent.

CONREY, P. J.—Action to recover money alleged to be due on a written contract. Judgment was entered in favor of the defendant. The plaintiff appeals from the judgment and from an order denying her motion for a new trial.

It is conceded by counsel on both sides that the only point involved in the case turns upon the construction of the contract. The stipulations of the contract are as follows:

"Whereas, Said second party agreed to advance to said first party the sum of ten thousand ($10,000.00) dollars to be used in perfecting certain inventions and the construction of certain machines, and in consideration therefor the said first party agreed to deliver to said second party a part of the capital stock of a corporation thereafter to be formed; and

"Whereas, Said second party has advanced to said first party the sum of forty-five hundred ($4500.00) dollars, and no more;

"Now, therefore, it is hereby agreed: That said first party shall repay to said party of the second part the said sum of forty-five hundred ($4500.00) dollars and five hundred ($500.00) dollars for the use thereof, on or before the 1st day of April, 1914, or in lieu thereof, shall deliver to said second party forty-five hundred (4500) shares of the capital stock of the Refrigeration Plants Mfg. Co., hereafter to be formed, par value of stock to be ten ($10.00) dollars per share, by said first party, as agreed. In the event that said first party pays to said second party the said forty-five hundred ($4500.00) dollars and said five hundred ($500.00) dollars on or before April 1, 1914, then said first party shall be relieved from any obligation to deliver to said second party any of the capital stock of said Refrigeration Plants Mfg. Co. and said second party shall not be entitled to any stock in said company.

"In witness whereof, the parties hereto have hereunto set their hands and seals, this 20th day of August, 1913."

The contract was in form between the defendant and one R. E. Starkweather. Starkweather afterward assigned the contract to the plaintiff. In entering into said agreement Starkweather was in fact acting for and on behalf of the plaintiff and as her agent, and any money to be paid under the agreement or any stock to be delivered was at all times the money and property of the plaintiff. The court below held that by virtue of said contract the defendant did not agree to pay the sum of five thousand dollars on or before April 1, 1914, or at any other time, but held, on the contrary, that the obligation was to deliver four thousand five hundred shares of stock, subject merely to defendant's option to relieve himself from the delivery of the stock by paying five thousand dollars on or before the first day of April, 1914. Appellant claims that the principal obligation was to pay the sum of five thousand dollars, subject to the proviso that the defendant might relieve himself from such payment by delivering four thousand five hundred shares of stock on or before said first day of April. [1] The true meaning of the contract, in our opinion, is according to the latter contention. If the terms of the contract had been that the defendant agreed, on or before the date named, to deliver four thousand five hundred shares of the capital stock or in lieu thereof, within that time, to pay the sum of four thousand five hun-

dred dollars, then, upon failure of the defendant to do either of those things within the time limited, the action very properly would have been for recovery of the stock or damages for the breach of that agreement; and in that event the damages would not necessarily have been limited by the sum specified in the agreement, but that specification would have applied only as the definition of the amount which defendant would have the option to pay on or before the first day of April. But in the contract, as written, the primary agreement is to pay the money. As within the time limited the defendant did not pay that money or exercise his option to deliver stock in lieu thereof, it seems very plain that the plaintiff is entitled to recover the amount demanded.

The judgment and order are reversed.

Shaw, J., and James, J., concurred.